LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 – Phone
(212) 979-0251 – Fax
Attorneys for Plaintiffs,
MACSTEEL INTERNATIONAL SOUTH AFRICA (PTY)
LIMITED and MACSTEEL INTERNATIONAL U.K. LIMITED

RECEIVED
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MACSTEEL INTERNATIONAL SOUTH         :
AFRICA (PTY) LIMITED and MACSTEEL    :
INTERNATIONAL U.K. LIMITED           :
                                     :
              Plaintiffs,            :
                                     :
-against-                            :
                                     :
CONTCHART LEBANNON, a/k/a/           :   **VERIFIED COMPLAINT**
CONTCHART LEBANON, a/k/a             :
CONTCHART OVERSEAS (Offshore) S.a.L.,:
                                     :
              Defendant.             :
-----------------------------------------------------------x

      Plaintiffs, MACSTEEL INTERNATIONAL SOUTH AFRICA (PTY) LIMITED and MACSTEEL INTERNATIONAL U.K. LIMITED, by their Attorneys, Law Offices of Simon Harter, Esq., as and for their Verified Complaint against the named Defendant, CONTCHART LEBANNON, a/k/a CONTCHART LEBANON, a/k/a CONTCHART OVERSEAS (Offshore) S.a.L, allege upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves claims for breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331. Finally, this Court also has jurisdiction over this matter because this action also arises under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*

2. At all times relevant hereto, Plaintiffs, MACSTEEL INTERNATIONAL SOUTH AFRICA (PTY) LIMITED and MACSTEEL INTERNATIONAL U.K. LIMITED, were and still are foreign business entities organized and existing under the laws of South Africa and the United Kingdom respectively.

3. At all times relevant hereto, Defendant, CONTCHART LEBANNON, a/k/a CONTCHART LEBANON, a/k/a CONTCHART OVERSEAS (Offshore) S.a.L., was and still is a foreign business entity believed to be organized and existing under the laws of Lebanon.

4. On or about May 15, 2008, Plaintiffs, in the capacity of charterer, entered into a maritime contract of charter party ("charter party") with Defendant, in the capacity of owner, under which Defendant agreed to let and Plaintiffs agreed to charter a vessel, to be named by Defendant, for the carriage of a cargo of approximately 25,800 metric tons of steel beams and other products from Novorossiysk, Russia to Jebel Ali, United Arab Emirates.

5. Under the express terms of the charter party, Defendant was to nominate the performing vessel no later than June 2, 2008.

6. In breach of the charter party, Defendant failed to nominate a performing vessel by June 2, 2008, nor, in fact, has Defendant nominated any vessel up to and including the date of this Verified Complaint.

7. Moreover, in repudiation and/or anticipatory repudiation of the charter party, Defendant has stated that it is unable and/or unwilling to perform its obligations under the charter party, which repudiation has been accepted by Plaintiffs in accordance with English law which governs the charter party.

8. As a result of Defendant's failure to nominate a performing vessel in breach of the charter party and its subsequent repudiation of the charter party, Plaintiffs must now obtain a substitute vessel to carry the aforementioned cargo in place of the vessel Defendant was obligated to nominate and provide under the charter party.

9. Based on Plaintiffs' investigation of the current market for chartering substitute tonnage, Plaintiffs presently estimate that, as a consequence of the aforementioned breach and repudiation of charter by Defendant, they will incur damages in the approximate amount of US $939,305.82, consisting of the estimated costs Plaintiffs will incur under the substitute charter minus the costs Plaintiffs would have incurred under the charter party breached and repudiated by Defendant.

10. The charter party provides that any disputes arising thereunder shall be submitted to arbitration in London, England and according to English law.

11. In addition to an attachment in the full amount of the claim as outlined above, Plaintiffs also seek attachment over an additional sum to cover its anticipated attorneys' fees, costs and interest, all of which are recoverable in London arbitration.

12. Plaintiffs estimate, to the best of their ability, that it will take approximately two years before an arbitration award is likely to be rendered in the instant action.

13. Given this time frame, Plaintiffs seek to attach funds sufficient to cover their anticipated claim of interest during the aforementioned period in the estimated amount of US $150,288.93 which is calculated at a rate of eight percent (8%) for the estimated period of two years.

14. Plaintiffs also seek to attach funds sufficient to cover their anticipated legal fees and costs in the London arbitration, the recoverable portion of which is presently estimated at US $300,000.00.

15. Based upon the foregoing, the sum total sought to be attached in this action is US $1,389,594.75, consisting of Plaintiffs' principal claim of US $939,305.82, interest of US $150,288.93 and recoverable legal fees and costs in the London arbitration of US $300,000.00.

16. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Plaintiffs aver, on information and belief, that Defendant has, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, wire transfers, electronic funds

transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, or any other tangible or intangible property, of, belonging to, due, claimed by or being held by or for the benefit of Defendant (hereinafter "assets"), located at, moving through, or held by, any garnishee(s) located within this District, including but not limited to HSBC (USA) Bank; Bank of America N.A.; The Bank of New York; Citibank N.A.; JPMorganChase Bank; Standard Chartered Bank; Wachovia Bank N.A.; Deutsche Bank AG; Barclays Bank PLC; UBS A.G.; Credit Suisse; Nordea Bank Finland PLC; Fortis Bank SA/NV; ABN-AMRO Bank N.V.; American Express Bank Ltd.; Bank of China, and/or others.

17.     Plaintiffs, for their part, have satisfied all of their obligations under the terms of the charter party.

**WHEREFORE**, Plaintiffs, MACSTEEL INTERNATIONAL SOUTH AFRICA (PTY) LIMITED and MACSTEEL INTERNATIONAL U.K. LIMITED pray:

   a.   That process in due form of law according to the practice of this Court may issue against Defendant, CONTCHART LEBANNON, a/k/a CONTCHART LEBANON, a/k/a CONTCHART OVERSEAS (Offshore) S.a.L., citing it to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendant in the principal amount of the claim, plus interest, costs and recoverable attorneys' fees and costs;

   b.   That if Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of US $1,389,594.75, may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, or for the benefit of, Defendant, including but not limited to such assets as may be held, received or transferred in their own name or as may be held, received or transferred for its benefit at, moving through, or

within the possession, custody or control of banking institutions including but not limited to HSBC (USA) Bank, Bank of America, The Bank of New York, Citibank N.A., JPMorganChase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, Barclays Bank PLC, UBS A.G., Credit Suisse, Nordea Bank Finland PLC, Fortis Bank SA/NV, ABN-AMRO Bank N.V., American Express Bank Ltd., Bank of China, and/or any other garnishees(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c. That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the London arbitration; and

d. For such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated:    June 9, 2008

**LAW OFFICES OF SIMON HARTER, ESQ.**
Attorneys for Plaintiffs,
MACSTEEL INTERNATIONAL SOUTH AFRICA (PTY) LIMITED and
MACSTEEL INTERNATIONAL U.K. LIMITED

By: _____
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 (Phone)
(212) 979-0251 (Fax)

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

**SIMON HARTER** verifies the following pursuant to 28 U.S.C. §1746:

1. I am a Member of the Law Offices of Simon Harter, Esq., Attorneys for Plaintiffs, MACSTEEL INTERNATIONAL SOUTH AFRICA (PTY) LIMITED and MACSTEEL INTERNATIONAL U.K. LIMITED, in this action and a Member of the Bar of this Honorable Court. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information, and documentation provided by the Plaintiffs and/or their duly authorized agents.

3. The reason this Verification is made by an attorney and not the Plaintiffs is because the Plaintiffs are foreign entities, neither of whose officers are presently within this Judicial District.

4. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 9th day of June, 2008.

_____
Simon Harter (SH-8540)
Law Offices of Simon Harter, Esq.
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 - Phone
(212) 979-0251 – Fax