

LAW OFFICES OF SIMON HARTER, ESQ.
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 – Phone
(212) 979-0251 – Fax
Attorneys for Plaintiff,
MACSTEEL INTERNATIONAL U.K. LIMITED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MACSTEEL INTERNATIONAL U.K.
LIMITED

    Plaintiff,

-against-

CONTCHART LEBANNON, a/k/a/
CONTCHART LEBANON, a/k/a
CONTCHART OVERSEAS (Offshore) S.a.L.,

    Defendant.
------------------------------------------------------------x

CIVIL ACTION NO.:
08-cv-5241 (RJS) (THK)

**FIRST AMENDED**
**VERIFIED COMPLAINT**

  Plaintiff, MACSTEEL INTERNATIONAL U.K. LIMITED, by its Attorneys, Law Offices of Simon Harter, Esq., as and for its First Amended Verified Complaint against the named Defendant, CONTCHART LEBANNON, a/k/a CONTCHART LEBANON, a/k/a CONTCHART OVERSEAS (Offshore) S.a.L, alleges upon information and belief as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, in that it involves claims for breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, and this Court's federal question

jurisdiction pursuant to 28 U.S.C. §1331. Finally, this Court also has jurisdiction over this matter because this action also arises under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201 *et seq.*

2. At all times relevant hereto, Plaintiff, MACSTEEL INTERNATIONAL U.K. LIMITED, was and still is a foreign business entity organized and existing under the laws of the United Kingdom.

3. At all times relevant hereto, Defendant, CONTCHART LEBANNON, a/k/a CONTCHART LEBANON, a/k/a CONTCHART OVERSEAS (Offshore) S.a.L., was and still is a foreign business entity believed to be organized and existing under the laws of Lebanon.

4. On or about May 15, 2008, Plaintiff, in the capacity of charterer, entered into a maritime contract of charter party ("charter party") with Defendant, in the capacity of owner, under which Defendant agreed to let and Plaintiff agreed to charter a vessel, to be named by Defendant, for the carriage of a cargo of approximately 25,800 metric tons of steel beams and other products from Novorossiysk, Russia to Jebel Ali, United Arab Emirates.

5. Under the express terms of the charter party, Defendant was to nominate the performing vessel no later than June 2, 2008.

6. In breach of the charter party, Defendant failed to nominate a performing vessel by June 2, 2008, nor, in fact, has Defendant nominated any vessel up to and including the date of this Verified Complaint.

7. Moreover, in repudiation and/or anticipatory repudiation of the charter party, Defendant has stated that it is unable and/or unwilling to perform its obligations under the charter party, which repudiation has been accepted by Plaintiff in accordance with English law which governs the charter party.

8. As a result of Defendant's failure to nominate a performing vessel in breach of the charter party and its subsequent repudiation of the charter party, Plaintiff was forced to obtain a substitute vessel to carry the aforementioned cargo in place of the vessel Defendant was obligated to nominate and provide under the charter party.

9. Based on Plaintiff's and its broker's investigation of the market for chartering substitute tonnage, Plaintiff was able to secure a substitute vessel; however, due to the increased freight rates in the market, Plaintiff incurred damages in the amount of US $726,145.72, consisting of the costs Plaintiff incurred under the substitute charter minus the costs Plaintiff would have incurred under the charter party breached and repudiated by Defendant.

10. Additionally, as a consequence of Defendant's breach of charter party, Plaintiff was unable to meet its obligations to the owner of the cargo which Plaintiff had chartered the vessel from Defendant to carry. In addition to the damages Plaintiff incurred in having to charter substitute tonnage, Plaintiff is also obligated to indemnify the cargo owner for damages it suffered of approximately $59,242.75.

11. The charter party provides that any disputes arising thereunder shall be submitted to arbitration in London, England and according to English law.

12. In addition to an attachment in the full amount of the claim as outlined above, Plaintiff also seeks attachment over an additional sum to cover its anticipated attorneys' fees, costs and interest, all of which are recoverable in London arbitration.

13. Plaintiff estimates, to the best of its ability, that it will take approximately two years before an arbitration award is likely to be rendered in the instant action.

14. Given this time frame, Plaintiff seeks to attach funds sufficient to cover its anticipated claim of interest during the aforementioned period in the estimated amount of US $125,662.16 which is calculated at a rate of eight percent (8%) for the estimated period of two years.

15. Plaintiff also seeks to attach funds sufficient to cover its anticipated legal fees and costs in the London arbitration, the recoverable portion of which is presently estimated at US $300,000.00.

16. Plaintiff, for its part, has satisfied all of their obligations under the terms of the charter party.

17. Based upon the foregoing, the sum total sought to be attached in this action is US $1,211,050.63, consisting of Plaintiffs' principal claim of US $785,388.47, interest of US $125,662.16 and recoverable legal fees and costs in the London arbitration of US $300,000.00.

18. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, but Plaintiff avers, on information

and belief, that Defendant has, or will have during the pendency of this action, assets within this District comprising, *inter alia*, cash, funds, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, or any other tangible or intangible property, of, belonging to, due, claimed by or being held by or for the benefit of Defendant (hereinafter "assets"), located at, moving through, or held by, any garnishee(s) located within this District, including but not limited to HSBC (USA) Bank; Bank of America N.A.; The Bank of New York; Citibank N.A.; JPMorganChase Bank; Standard Chartered Bank; Wachovia Bank N.A.; Deutsche Bank AG; Barclays Bank PLC; UBS A.G.; Credit Suisse; Nordea Bank Finland PLC; Fortis Bank SA/NV; ABN-AMRO Bank N.V.; American Express Bank Ltd.; Bank of China, and/or others.

19. Plaintiff respectfully requests that this Honorable Court retain jurisdiction, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, in the event it is necessary to seek further order of this Court in respect of the London arbitration proceeding between the parties and/or the confirmation and enforcement of any awards issued therein.

**WHEREFORE**, Plaintiff, MACSTEEL INTERNATIONAL U.K. LIMITED prays:

    a. That process in due form of law according to the practice of this Court may issue against Defendant, CONTCHART LEBANNON, a/k/a CONTCHART LEBANON, a/k/a CONTCHART OVERSEAS (Offshore) S.a.L., citing it to appear and answer the foregoing, and failing such appearance and answer, to have judgment by default against the Defendant in the principal amount of the claim, plus interest, costs and recoverable attorneys' fees and costs;

b.   That if Defendant cannot be found within this District pursuant to Supplemental Rule B, that all assets of Defendant up to and including the sum of US $1,211,050.63, may be restrained and attached, including but not limited to any cash, funds, credits, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, or for the benefit of, Defendant, including but not limited to such assets as may be held, received or transferred in their own name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking institutions including but not limited to HSBC (USA) Bank, Bank of America, The Bank of New York, Citibank N.A., JPMorganChase Bank, Standard Chartered Bank, Wachovia Bank N.A., Deutsche Bank AG, Barclays Bank PLC, UBS A.G., Credit Suisse, Nordea Bank Finland PLC, Fortis Bank SA/NV, ABN-AMRO Bank N.V., American Express Bank Ltd., Bank of China, and/or any other garnishees(s) upon whom a copy of the Process of Maritime Attachment and Garnishment issued in this action may be served;

c.   That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary in order to give effect to the London arbitration; and

d.   For such other, further and different relief as this Court may deem just and proper in the circumstances.

Dated:   July 23, 2008

                              LAW OFFICES OF SIMON HARTER, ESQ.
                              Attorneys for Plaintiff,
                              MACSTEEL INTERNATIONAL U.K. LIMITED

By:   *[signature]*
Simon Harter (SH-8540)
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 (Phone)
(212) 979-0251 (Fax)

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

**SIMON HARTER** verifies the following pursuant to 28 U.S.C. §1746:

1. I am a Member of the Law Offices of Simon Harter, Esq., Attorneys for Plaintiff, MACSTEEL INTERNATIONAL U.K. LIMITED, in this action and a Member of the Bar of this Honorable Court. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information, and documentation provided by the Plaintiff and/or its duly authorized agents.

3. The reason this Verification is made by an attorney and not the Plaintiff is because the Plaintiff is a foreign entity, whose officers are not presently within this Judicial District.

4. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 23rd day of July, 2008.

_____
Simon Harter (SH-8540)
Law Offices of Simon Harter, Esq.
304 Park Avenue South – 11th Floor
New York, New York 10010
(212) 979-0250 - Phone
(212) 979-0251 – Fax